1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
   San Francisco, CA 94105-2994
3  Telephone: (415) 268-2000
4  Facsimile: (415) 268-1999
   Email: matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   SONY BMG MUSIC ENTERTAINMENT; and
7  UMG RECORDINGS, INC.

8

9              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
10

11

12 SONY BMG MUSIC ENTERTAINMENT, a        CASE NO. 07 4855 SI
   Delaware general partnership; and UMG
13 RECORDINGS, INC., a Delaware corporation,   *EX PARTE* APPLICATION FOR LEAVE
                                                TO TAKE IMMEDIATE DISCOVERY
14                Plaintiffs,
15
        v.
16
   JOHN DOE #9,
17                Defendant.
18

---

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#32571 v1

1  Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply ex parte for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant John Doe # 9 ("Defendant"), who is being sued for direct copyright infringement.

2. As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

///
///
///
///
///
///
///
///

WHEREFORE, Plaintiffs apply ex parte for an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Dated: September 20, 2007

HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
SONY BMG MUSIC ENTERTAINMENT; and UMG RECORDINGS, INC.