Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:          matt.jaksa@hro.com

Attorneys for Plaintiffs,
SONY BMG MUSIC ENTERTAINMENT;
and UMG RECORDINGS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOE #9,<br><br>Defendant. | CASE NO. 3:07-CV-04855-SI<br><br>Honorable Susan Illston<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint. As further explained below, Plaintiffs believe they have discovered the identity of the Doe defendant in this case and have contacted this person in an attempt to resolve the dispute without further litigation; Plaintiffs thus seek additional time to effectuate service in the event the dispute is not resolved and Plaintiffs file a First Amended Complaint naming Defendant individually. In support of their request, Plaintiffs state as follows:

1. The current deadline for service of process is January 18, 2008. The initial case management conference is set for April 18, 2008, at 2:00 p.m. The case management conference was continued twice, once by the Court of its own accord and once upon Plaintiffs' request by the Court's Order of December 21, 2007.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe #9 ("Defendant") on September 20, 2007. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, San Francisco State University.

3. In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on October 10, 2007, which was promptly served upon the ISP along with a Rule 45 subpoena. On November 16, 2007, the ISP responded to Plaintiffs' subpoena, identifying the individual associated with the Internet Protocol address supplied to the ISP by Plaintiffs.

5. On December 4, 2007, Plaintiffs sent a letter to the individual identified by the ISP, notifying her of Plaintiffs claims and encouraging her to contact Plaintiffs to attempt to amicably resolve this matter. Plaintiffs later contacted this individual by telephone and presented a settlement offer. However, in subsequent telephone conversations beginning on January 4, 2008, the

1

individual claimed to have been misidentified, and provided Plaintiffs' the name and telephone number of a second person whom she believed may have used her internet connection to commit the copyright infringements alleged in Plaintiffs' Complaint.

6. Plaintiffs have since investigated the claim of misidentification, and believe this second individual to be responsible for the copyright infringements alleged in the Complaint. Plaintiffs have initiated settlement discussions with this second individual. If the case can be promptly resolved with the second individual, Plaintiffs will file the appropriate dispositional documents. If the matter cannot be promptly resolved, Plaintiffs will amend their Complaint to name this person as the individual defendant and serve the First Amended Complaint upon him.

7. Given the circumstances of this case, Plaintiffs respectfully request an additional 90 days to effectuate service.

8. Plaintiffs submit that their efforts to give written notice of their claim to the individual originally identified by the ISP, their subsequent investigation of that individual's misidentification claim, and their current efforts to resolve the case without further litigation constitute good cause for any delay in perfecting service. *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions). Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP and investigate a claim of misidentification. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

9. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

1        10.    Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: January 17, 2008                    HOLME ROBERTS & OWEN LLP

By: _____*/s/ Matthew Franklin Jaksa*___
     MATTHEW FRANKLIN JAKSA
     Attorney for Plaintiffs

## **ORDER**

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to April 17, 2008.

Dated: _____        By: _____
     Honorable Susan Illston
     United States District Judge