Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: matt.jaksa@hro.com

Attorneys for Plaintiffs,
SONY BMG MUSIC ENTERTAINMENT;
and UMG RECORDINGS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TREVOR SPIETH AKA TREVOR RUNNELS,<br>Defendant. | CASE NO. 3:07-CV-04855-SI<br><br>Honorable Susan Illston<br><br>***EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

Plaintiffs respectfully request that the Court continue the case management conference currently set for April 18, 2008 at 2:00 p.m. to August 15, 2008. Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days – until July 16, 2008 – to serve Defendant with the Summons and Complaint. Plaintiffs request the extensions of time sought herein because they have not yet been able to locate Defendant Trevor Spieth ("Defendant") and serve him with process. In support of their request, Plaintiffs state as follows:

1. Plaintiffs filed their initial Complaint for Copyright Infringement against a John Doe Defendant on September 20, 2007. Plaintiffs did not have sufficient identifying information to name the Doe defendant individually in the Complaint, but were able to identify the Doe by an Internet Protocol address assigned by a third-party Internet Service Provider ("ISP"). In order to determine the Doe defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

2. The Court entered an Order for Leave to take Immediate Discovery on October 10, 2007, which was promptly served upon the ISP along with a Rule 45 subpoena. On November 16, 2007, the ISP responded to Plaintiffs' subpoena, identifying the individual associated with the Internet Protocol address. After Plaintiffs contacted this individual, she in turn identified the Defendant, Trevor Spieth, as the actual infringer of Plaintiffs' copyrights. Plaintiffs then investigated this claim and believe Mr. Speith to be the actual infringer. Plaintiffs thus contacted Mr. Spieth by telephone and the parties discussed settlement, but no settlement was ever reached.

3. Accordingly, on March 24, 2008, Plaintiffs filed the First Amended Complaint naming Trevor Spieth aka Trevor Runnels as the individual Defendant. Plaintiffs then engaged a process server.

4. Plaintiffs conducted database research to determine Defendant's address. However, when Plaintiffs attempted service at this address, they were informed that Defendant no longer resides there. Plaintiffs have now contracted for a further investigation to determine where Defendant can be found and served with process.

1

Ex Parte Application to Continue CMC and Extend Time to Serve Defendant and [Proposed] Order
Case No. 3:07-cv-04855-SI
#36698 v1

5.   Since Defendant has not yet been served, there is no need for a case management conference at this time, and Plaintiffs respectfully request that the Court continue the case management conference from April 18, 2008 to August 15, 2008, or such other date as conveniences the Court. The case management conference was continued twice previously while this case was still in the Doe stage, once by the Court of its own accord (for 11 days) and once by the Court upon Plaintiffs' request (for 94 days).

6.   The current deadline for service of process is April 17, 2008. Plaintiffs request an additional 90 days – until July 16, 2008 – to effectuate service, so that Plaintiffs can continue to attempt to locate Defendant and serve him with process. The court granted Plaintiffs' previous request for a 90-day service extension while this case was still in the Doe stage.

7.   Plaintiffs submit that their efforts to contact Defendant and resolve the case before naming Defendant in the lawsuit constitute good cause under Rule 4(m) for any delay in perfecting service. *See Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions). Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to file a Doe lawsuit and obtain the identity of the infringer through the subpoena to the ISP, and then conduct a further investigation when that individual claimed she was not the actual infringer. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

8.   Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

2

Ex Parte Application to Continue CMC and Extend Time to Serve Defendant and [Proposed] Order
Case No. 3:07-cv-04855-SI
#36698 v1

9. Plaintiffs will provide Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: April 9, 2008                                              HOLME ROBERTS & OWEN LLP


By: _____/s/ Matthew Franklin Jaksa____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs


## ORDER

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for April 18, 2008, at 2:00 p.m., be continued to August 15, 2008.

**IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to July 16, 2008.

Dated: _____          By: _____
                                                 Honorable Susan Illston
                                                 United States District Judge