Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:          dawniell.zavala@hro.com

Attorneys for Plaintiffs,
SONY BMG MUSIC ENTERTAINMENT;
and UMG RECORDINGS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TREVOR SPIETH AKA TREVOR RUNNELS,<br><br>Defendant. | CASE NO. 3:07-CV-04855-SI<br><br>Honorable Susan Illston<br><br>***EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

1    Plaintiffs respectfully request that the Court continue the case management conference currently set for August 15, 2008 at 2:00 p.m. to November 14, 2008.  Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 60 days – until September 15, 2008 – to serve Defendant with the Summons and Complaint.  Plaintiffs request the extensions of time sought herein because they have not yet been able to locate Defendant Trevor Spieth ("Defendant") and serve him with process.  In support of their request, Plaintiffs state as follows:

1.    Plaintiffs filed their initial Complaint for Copyright Infringement against a John Doe Defendant on September 20, 2007.  Plaintiffs did not have sufficient identifying information to name the Doe defendant individually in the Complaint, but were able to identify the Doe by an Internet Protocol address assigned by a third-party Internet Service Provider ("ISP").  In order to determine the Doe defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

2.    The Court entered an Order for Leave to take Immediate Discovery on October 10, 2007, which was promptly served upon the ISP along with a Rule 45 subpoena.  On November 16, 2007, the ISP responded to Plaintiffs' subpoena, identifying the individual associated with the Internet Protocol address.  After Plaintiffs contacted this individual, she in turn identified the Defendant, Trevor Spieth, as the actual infringer of Plaintiffs' copyrights.  Plaintiffs then investigated this claim and believe Mr. Speith to be the actual infringer.  Plaintiffs thus contacted Mr. Spieth by telephone on January 16, 2008, and Mr. Spieth admitted committing the copyright infringement at issue.  The parties discussed settlement during this conversation, but no settlement was ever reached.

3.    Accordingly, on March 24, 2008, Plaintiffs filed the First Amended Complaint naming Trevor Spieth aka Trevor Runnels as the individual Defendant.  Plaintiffs then engaged a process server.

4.    Plaintiffs conducted database research to determine Defendant's address.  However, when Plaintiffs attempted service at this address, they were informed that Defendant no longer

1

resides there.  Plaintiffs have now contracted for a further investigation to determine where Defendant can be found and served with process.

5. Through routine investigation, Plaintiffs learned the name and telephone number of Mr. Spieth's friend, Brittany Holmes.  Plaintiffs have spoken to Ms. Holmes on at least one prior occasion and believe that she has information regarding Mr. Spieth's whereabouts.  However, Ms. Holmes has not willfully provided this information and has not returned at least two voice messages left for her after the initial conversation took place.  Thus, Plaintiffs filed an *ex parte* application to take Ms. Holmes' deposition telephonically and a declaration in support of this application on July 16, 2008.  The sole purpose of the proposed deposition is to determine Mr. Spieth's current address or information leading to the discovery of his address so that Plaintiffs may serve him with process as soon as possible.

6. Since Defendant has not yet been served, there is no need for a case management conference at this time, and Plaintiffs respectfully request that the Court continue the case management conference from August 15, 2008 to November 14, 2008, or such other date as conveniences the Court.  The case management conference was continued twice previously while this case was still in the Doe stage, once by the Court of its own accord, and twice by the Court upon Plaintiffs' request.

7. The current deadline for service of process is July 16, 2008.  Plaintiffs request an additional 60 days – until September 15, 2008 – to effectuate service, so that Plaintiffs can continue to attempt to locate Defendant and serve him with process.  The court granted Plaintiffs' two previous requests for 90-day service extensions, once while this case was still in the Doe stage, and once after the First Amended Complaint had been filed.

8. Plaintiffs submit that their efforts to contact Defendant and resolve the case before naming Defendant in the lawsuit constitute good cause under Rule 4(m) for any delay in perfecting service.  *See Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions).  Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to file a Doe lawsuit and obtain the identity of the infringer through the subpoena

2

to the ISP, and then conduct a further investigation when that individual claimed she was not the actual infringer. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

9.  Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

10. Plaintiffs will provide Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: July 16, 2008                           HOLME ROBERTS & OWEN LLP


                                               By: _____*/s/ Dawniell Alise Zavala*___
                                                   DAWNIELL ALISE ZAVALA
                                                   Attorney for Plaintiffs


## [PRPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for August 15, 2008, at 2:00 p.m., be continued to November 14, 2008.

**IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to September 15, 2008.


Dated: _____          By: _____
                                       Honorable Susan Illston
                                       United States District Judge

3

Ex Parte Application to Continue CMC and Extend Time to Serve Defendant and [Proposed] Order
Case No. 3:07-cv-04855-SI
#38793 v1