Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:           dawniell.zavala@hro.com

Attorneys for Plaintiffs,
SONY BMG MUSIC ENTERTAINMENT;
and UMG RECORDINGS, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TREVOR SPIETH AKA TREVOR RUNNELS,<br><br>Defendant. | CASE NO. 3:07-CV-04855-SI<br><br>Honorable Susan Illston<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date of Initial CMC:   August 15, 2008<br>Time:                          2:00 p.m.<br>Courtroom:               10<br>Action Filed:              September 20, 2007 |

Pursuant to Local Rule 16-9(a), Plaintiffs SONY BMG MUSIC ENTERTAINMENT, *et al*. ("Plaintiffs") submit this separate Case Management Statement. Plaintiffs submit a separate statement instead of a joint statement because Defendant has not yet been served with process, and thus has not yet appeared in this action, nor has he responded to Plaintiffs efforts to meet and confer in anticipation of the upcoming case management conference. Accordingly, Plaintiffs find it necessary to file a separate Case Management Statement at this time. Declaration of Dawniell Alise Zavala, ¶¶ 6-7.

**1.    Jurisdiction and Service**

The Court has jurisdiction under 17 U.S.C. § 101 *et seq*.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright). Venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400. Defendant has not yet been served with process.

**2.    Facts**

This is a copyright action wherein Plaintiffs seek redress for infringement of copyrighted sound recordings pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq* ("Copyright Act"). Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings, including the rights at issue in this case: (1) Plaintiffs' exclusive right to reproduce their copyrighted sound recordings, and (2) Plaintiffs' exclusive right to distribute the copyrighted sound recordings.

**A.    Plaintiffs' Contentions**

On March 10, 2007, Plaintiffs obtained evidence of infringement by the holder of the Internet Protocol ("IP") address 130.212.163.118 2007-03-10 13:37:59 EST, who was using the Ares online media distribution system over a peer-to-peer file-sharing network to distribute 354 audio files, many of which were Plaintiffs' copyrighted sound recordings. Plaintiffs then filed their Complaint for Copyright Infringement against Defendant John Doe on September 20, 2007. Although Plaintiffs did not know the Defendant's true identity, they were able to identify Defendant by the aforementioned IP address, which had been assigned by a third-party Internet Service Provider ("ISP") (here, San Francisco State University) on the date and at the time of the alleged infringement. In order to determine Defendant's true identity, Plaintiffs filed their *Ex Parte*

1  Application for Leave to Take Immediate Discovery on September 20, 2007, seeking the Court's
2  permission to serve a Rule 45 subpoena on the ISP to obtain identifying information including
3  Defendant's true name, address, telephone number, e-mail address, and Media Access Control
4  ("MAC") address (a number that identifies the piece of computer hardware used to connect to the
5  ISP's network).

6  The Court entered an Order for Leave to Take Immediate Discovery on October 10, 2007,
7  granting Plaintiffs' request to serve a Rule 45 subpoena on the ISP, and Plaintiffs served their
8  subpoena on San Francisco State University promptly thereafter. The ISP responded to the
9  subpoena on November 16, 2007, identifying the individual associated with the Internet Protocol
10 address. After Plaintiffs contacted this individual, she in turn identified the Defendant, Trevor
11 Spieth, as the actual infringer of Plaintiffs' copyrights. Plaintiffs then investigated this claim and
12 believe Mr. Speith to be the actual infringer. Plaintiffs thus contacted Mr. Spieth by telephone on
13 January 16, 2008 and the parties discussed settlement, but no settlement was ever reached. During
14 this conversation, Defendant admitted to Plaintiffs' settlement representative that he committed the
15 copyright infringement at issue in this matter.

16 Plaintiffs conducted database research to determine Defendant's address. Plaintiffs sent
17 Defendant a letter on February 27, 2008 via mail urging him to contact Plaintiffs to settle this case,
18 but Defendant never responded to this letter. Moreover, Plaintiffs' settlement representatives
19 attempted to reach Defendant via telephone on March 6, March 11, and March 13, 2008 to discuss
20 settlement of this matter, but were unsuccessful.

21 Accordingly, on March 24, 2008, Plaintiffs filed the First Amended Complaint naming
22 Trevor Spieth aka Trevor Runnels as the individual Defendant. Plaintiffs then engaged a process
23 server. However, when Plaintiffs attempted service at the address they found for Defendant, they
24 were informed that Defendant no longer resides there. Plaintiffs have now contracted for a further
25 investigation to determine where Defendant can be found and served with process.

26 On May 12, 2008, Plaintiffs discovered through routine investigation that the telephone
27 number Plaintiffs had on file for Defendant belongs to a Ms. Brittany Holmes. Plaintiffs called Ms.
28 Holmes at this number and left a voicemail message on June 5, 2008 to determine whether she

1  knows Defendant, and if so, if she also knows Defendant's address or where he can be found for
2  service.  Ms. Holmes returned Plaintiffs' call the same day, and verified that she is friends with
3  Defendant.  Ms. Holmes confirmed that Defendant does not reside at the address Plaintiffs originally
4  obtained for him, but did not give Plaintiffs any further information regarding Defendant's address
5  or location.  During this conversation, Ms. Holmes promised to call Plaintiffs back with additional
6  information, but never did.
7       On July 9, 2008, Plaintiffs again called and left a voicemail message for Ms. Holmes in an
8  attempt to locate Defendant.  Ms. Holmes never returned this call.
9       Accordingly, on July 16, 2008, Plaintiffs filed their *Ex Parte* Application for Leave of Court
10 to Conduct Telephonic Deposition  seeking the Court's permission for Plaintiffs to depose Brittany
11 Holmes to obtain information regarding Defendant's whereabouts.  To date, the Court has not yet
12 ruled on said motion, but on July 18, 2008, the Court denied Plaintiffs' *Ex Parte* Application to
13 Continue Case Management Conference and to Extend Tim to Serve Defendant, also filed on July
14 16, 2008.
15      Plaintiffs are presently unable to locate Defendant to serve him with process, and to date,
16 Plaintiffs' efforts to determine Defendant's address have been unsuccessful.  Therefore, Defendant
17 has not been served with process, and has not yet appeared or otherwise responded to this action.
18 **3.**     **Legal Issues**
19      Plaintiffs believe that Defendant used an Internet account to access an online media
20 distribution system to download Plaintiffs' copyrighted sound recordings and to distribute the
21 copyrighted sound recordings to other users in violation of Plaintiffs' exclusive rights of
22 reproduction and distribution as enumerated in Section 106 of the Copyright Act, 17 U.S.C. § 106.
23 As such, Plaintiffs believe Defendant is liable for infringement of Plaintiffs' copyrights pursuant to
24 17 U.S.C. § 501(a)-(b), and that Plaintiffs are thus entitled to statutory damages pursuant to 17
25 U.S.C. § 504(c), injunctive relief pursuant to 17 U.S.C. §§ 502 and 503, and attorney's fees and
26 costs pursuant to 17 U.S.C. § 505.
27 **4.**     **Motions**
28      Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on

September 20, 2007, which the Court granted by its Order of October 10, 2007. On July 16, 2008, Plaintiffs filed their *Ex Parte* Application for Leave of Court to Conduct Telephonic Deposition seeking the Court's permission for Plaintiffs to depose Brittany Holmes, but the Court has not yet ruled on this motion. Plaintiffs anticipate no further motion practice at this point in time, but reserve the right to file additional motions if warranted as the case develops, including motions for summary judgment and/or summary adjudication.

**5.    Amendment of Pleadings**

Plaintiffs do not anticipate adding any claims, but reserve their right to do so should discovery reveal additional claims that may be brought. Plaintiffs propose that a deadline for amendment of the pleadings be determined at such time as the parties are able to meet and confer after Defendant files an answer or other response to the Complaint.

**6.    Evidence Preservation**

Plaintiffs are taking all necessary steps to preserve evidence related to the issues in this action, including preservation of e-mails, documents, digital audio files, and electronically stored information. After Defendant appears in this action, Plaintiffs will communicate to Defendant the need to preserve evidence, including particularly electronically-stored information on Defendant's computers.

**7.    Disclosures**

No changes need be made to the form or requirement for disclosures under Rule 26(a). Since no defendant has appeared in this action, no initial disclosures have been made by either party.

**8.    Discovery**

Plaintiffs' position is that discovery should be conducted according to the Federal Rules of Civil Procedure and the local rules for the United States District Court for the Northern District of California unless otherwise modified by stipulation or ordered by the Court. It is Plaintiffs' position that all fact and expert discovery should be conducted and take place pursuant to the Federal Rules of Civil Procedure and should not be limited or conducted in phases, except as provided by the Federal Rules of Civil Procedure. Discovery will be needed on the allegations set forth in the Complaint and on any allegations and affirmative defenses set forth in Defendant's Answer, should

1  she file one.

2    **A.**  **Previous Discovery**

3    Pursuant to the Court's October 10, 2007 Order for Leave to Take Expedited Discovery, Plaintiffs served a Rule 45 subpoena on third-party San Francisco State University in order to obtain information including Defendant's name, address, telephone number, e-mail address, and MAC address. The University responded to the subpoena response on November 16, 2007, providing this information.

8    **B.**  **Written Discovery**

9    Once Defendant appears in this action and the parties are able to conduct a Rule 26(f) conference, Plaintiffs intend to propound their first sets of Interrogatories, Requests for Production of Documents, and Requests for Admission.

12    **C.**  **Imaging and Inspection of Defendant's Computer(s).**

13    Upon receipt of Defendant's responses, Plaintiffs intend to request for production and imaging each computer identified by Defendant in his responses to Plaintiffs' discovery requests. Plaintiffs propose that an expert in computer forensics selected by the parties shall make one (1) verified bit-image (i.e., mirror image copies) of each computer hard drive and shall create an MD5 or equivalent hash code to ensure that Defendant's original hard drive is not altered and to ensure that the copy of each of the hard drives is an exact duplicate of Defendant's original hard drive. All costs associated with making an image of Defendant's hard drive will be borne by Plaintiffs. An image of the hard drive can be made for Defendant at Defendant's expense.

21    **D.**  **Oral Depositions**

22    Plaintiffs intend to take Brittany Holmes' oral deposition to locate Defendant, and once served with process, Defendant's oral deposition, (and, if applicable, other individuals who may have information relevant to the parties' claims and defenses) upon receipt of Defendant's responses to Plaintiffs' written discovery, and upon completion of the imaging and inspection of Defendant's hard drive(s).

27  **9.**  **Class Actions**

28    Not applicable.

**10. Related Cases**

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

**11. Relief**

Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(c) ranging from $750.00 to $30,000.00 for each instance of infringement, statutory damages pursuant to 17 U.S.C. § 504(c) ranging from $750.00 to $150,000.00 for each instance of willful infringement, injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights pursuant to 17 U.S.C. § 502 and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' rights pursuant to 17 U.S.C. § 503, and attorney's fees and costs pursuant to 17 U.S.C. § 505.

**12. Settlement and ADR**

The parties have discussed settlement, but were unable to agree on settlement terms. Moreover, Defendant has not been served with process, and has therefore not answered the complaint or responded to Plaintiffs' efforts to meet and confer. For these reasons, the parties have not yet filed a Stipulation and Proposed Order Selecting an ADR process, but will do so at such time as the parties are able to meet and confer.

**13. Consent to Magistrate Judge for All Purposes**

At this time, Plaintiffs do not consent to a magistrate judge for all further proceedings including trial and entry of judgment.

**14. Other References**

It is Plaintiffs' position that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

Plaintiffs believe the following issues can be narrowed by agreement or motion: Issues regarding ownership of Plaintiffs' sound recordings and validity of copyright registration.

Plaintiffs make the following suggestions to expedite the presentation of evidence at trial: Plaintiffs are hopeful that issues regarding ownership of Plaintiffs' sound recordings and validity of copyright registration can be presented by stipulated facts.

Plaintiffs do not request the bifurcation of any issues, claims, or defenses.

**16. <u>Expedited Schedule</u>**

Plaintiffs do not believe this case should be handled on an expedited basis or using streamlined procedures.

**17. <u>Scheduling</u>**

Plaintiffs propose the following schedule of deadlines:

1. Plaintiffs propose that a further case management conference be set for November 14, 2008 to allow time for Defendant to be served with process and to file an Answer prior to the conference.
2. Plaintiffs propose that further proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial be determined at such time as the parties are able to meet and confer after Defendant files an answer or other response to the Complaint.

**18. <u>Trial</u>**

Plaintiffs estimate that a trial in this matter would take three days.

**19. <u>Disclosure of Non-party Interested Entities or Persons</u>**

Plaintiffs filed their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16 on September 20, 2007. The contents of the certification identified the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities known to (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

///
///
///
///

CASE MANAGEMENT STATEMENT
Case No. 3:07-cv-04855-SI
#39207 v1

1  Plaintiff UMG RECORDINGS, INC. is a corporation duly organized and existing under the
2  laws of the State of Delaware, with its principal place of business in the State of California.
3  Dated:   August 7, 2008                    HOLME ROBERTS & OWEN LLP

                                    By:  _____/s/ Dawniell Alise Zavala___
                                         DAWNIELL ALISE ZAVALA
                                         Attorney for Plaintiffs

CASE MANAGEMENT STATEMENT
Case No. 3:07-cv-04855-SI
#39207 v1