Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: dawniell.zavala@hro.com

Attorneys for Plaintiffs,
SONY BMG MUSIC ENTERTAINMENT;
and UMG RECORDINGS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TREVOR SPIETH AKA TREVOR RUNNELS,<br><br>Defendant. | CASE NO. 3:07-CV-04855-SI<br><br>Honorable Susan Illston<br><br>**DECLARATION OF DAWNIELL ALISE ZAVALA IN SUPPORT OF CASE MANAGEMENT STATEMENT**<br><br>Date of Initial CMC: August 15, 2008<br>Time: 2:00 p.m.<br>Courtroom: 10<br>Action Filed: September 20, 2007 |

DECLARATION OF DAWNIELL ALISE ZAVALA IN SUPPORT OF CASE MANAGEMENT STATEMENT
Case No. 3:07-cv-04855-SI
#39220 v1

**DECLARATION OF DAWNIELL ALISE ZAVALA**

I, Dawniell Alise Zavala, declare:

1. I am an associate in the law firm of Holme Roberts & Owen LLP ("HRO"). HRO serves as national counsel for Plaintiffs in this and all similar actions. I have personal knowledge of all facts set forth in this declaration, except as where stated on information and belief. As to such facts, I believe them to be true.

2. Filed herewith is Plaintiffs' separate Case Management Statement. For the reasons set forth below, Plaintiffs have been unable to meet and confer with Defendant and prepare a joint case management statement as ordinarily required by Local Rule 16-9(a).

3. Plaintiffs filed the Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on September 20, 2007. Plaintiffs did not have sufficient identifying information to name the Defendant individually in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned by Defendant's Internet Service Provider ("ISP").

4. In order to determine Defendant's true identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, seeking the Court's permission to serve a Rule 45 subpoena on the ISP. The Court entered an Order for Leave to Take Immediate Discovery on October 10, 2008, granting Plaintiffs' request to serve a Rule 45 subpoena on the ISP seeking identifying information including Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address.

5. Plaintiffs served their subpoena on the ISP shortly thereafter. The ISP responded to the subpoena on November 16, 2008, identifying the individual associated with the Internet Protocol address. After Plaintiffs contacted this individual, she in turn identified the Defendant, Trevor Speith, as the actual infringer of Plaintiffs' copyrights. Plaintiffs then investigated this claim and believe Mr. Speith to be the actual infringer. Plaintiffs then conducted database research to determine Defendant's address.

6. After informal attempts to resolve the dispute failed, Plaintiffs filed their First Amended Complaint against Mr. Speith for copyright infringement on March 24, 2008, and thereafter engaged a process server.

7. When the process server attempted to serve Defendant at the address Plaintiffs had found for him, the server was informed that Defendant no longer lives there. Plaintiffs have now contracted for a further investigation to determine where Defendant can be found and served with process.

8. Through routine investigation, Plaintiffs learned that the telephone number Plaintiffs have on file for Defendant belongs to a Ms. Brittany Holmes. Plaintiffs called Ms. Holmes at this number and left a voicemail message on June 5, 2008 to determine whether she knows Defendant, and if so, if she also knows Defendant's address or where he can be reached for service. Ms. Holmes returned Plaintiffs' call the same day, and verified that she is friends with Defendant. Ms. Holmes confirmed that Defendant does not reside at the address Plaintiffs originally obtained for him, but did not give Plaintiffs any further information regarding Defendant's address or whereabouts. During this conversation, Ms. Holmes promised to call Plaintiffs back with additional information, but never did. On July 9, 2008, Plaintiffs again called and left a voicemail message for Ms. Holmes in an attempt to locate Defendant. Ms. Holmes never returned this call.

9. Accordingly, on July 16, 2008, Plaintiffs filed their *Ex Parte* Application for Leave of Court to Conduct Telephonic Deposition seeking the Court's permission for Plaintiffs to depose Brittany Holmes to obtain information regarding Defendant's whereabouts. To date, the Court has not yet ruled on said motion.

10. Plaintiffs presently do not have a valid address to serve Defendant with process or even to communicate with Defendant by mail, nor do Plaintiffs have a valid telephone number or email address at which to contact Defendant. Thus, Plaintiffs were unable to meet and confer with Defendant regarding the subjects covered in the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement.

///

///

///

///

///

DECLARATION OF DAWNIELL ALISE ZAVALA IN SUPPORT OF CASE MANAGEMENT STATEMENT
Case No. 3:07-cv-04855-SI
#39220 v1

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3  Executed this 8th day of August, 2008, at San Francisco, California.

4
5
6
7
8  _____
   Dawniell Alise Zavala
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF DAWNIELL ALISE ZAVALA IN SUPPORT OF CASE MANAGEMENT STATEMENT
Case No. 3:07-cv-04855-SI
#39220 v1

**PROOF OF SERVICE**

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

    I am employed in the office of Holme Roberts & Owen in San Francisco, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 560 Mission Street, 25th Floor, San Francisco, CA  94105.

    On August 8, 2008, I served the foregoing documents described as:

**CASE MANAGEMENT STATEMENT; and DECLARATION OF DAWNIELL ALISE ZAVALA IN SUPPORT OF CASE MANAGEMENT STATEMENT**

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> **Trevor Spieth**
> **4358 Monhegan Way**
> **Mather, CA  95655**

    XX    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    XX    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on August 8, 2008 at San Francisco, California.

                                            Molly Morris